UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GROVER C. BOYATT, )
 )
    Plaintiff, )
 )
 )
v. ) 3:04-CV-211
 ) (VARLAN/GUYTON)
 )
JO ANNE B. BARNHART, )
Commissioner )
of Social Security, )
 )
    Defendant. )

## **REPORT AND RECOMMENDATION**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for judgment on the pleadings [Doc. 12] and the defendant's motion for summary judgment. [Doc. 13]. Plaintiff also filed a reply. [Doc. 15]. Plaintiff Grover C. Boyatt seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

    The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's right shoulder problem, liver disease, degenerative disk disease, and an affective disorder are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: significant range of light work with no repetitive overhead reaching, pushing, or pulling with either upper extremity, and limited to unskilled entry level, one-two step, routine, repetitive jobs.

7. The claimant is unable to perform any of his past relevant work (20 C.F.R. § 404.1565).

8. The claimant is an "individual closely approaching advanced age" (20 C.F.R. § 404.1563).

9. The claimant has a "limited education" (20 C.F.R. § 404.1564).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 404.1568).

11. The claimant has the residual functional capacity to perform a significant range of light and sedentary work (20 C.F.R. § 404.1567).

> 12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.11 as a framework for decisionmaking, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs were identified and enumerated by a vocational expert.
>
> 13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § 404.1520(f)).

(Tr. 26-27).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (held that in a close case, unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

3

First, plaintiff argues that the ALJ erred in failing to give proper weight to the medical source statement dated October 7, 2003 from Dr. Coffey and the medical source statement dated October 21, 2003 from Dr. Smith, both of whom were treating physicians who found plaintiff could perform no more than sedentary work. (Tr. 346-49, 363-76, 382-99).

However, the Commissioner asserts that the opinions of Drs. Coffey and Smith were inconsistent with the other medical evidence, such as the opinions of treating physicians O'Brien (Tr. 182) and Parsons (Tr. 257), examining physician Keown[1] (Tr. 215), and two state agency, reviewing physicians (Tr. 221, 247), all of whom found that plaintiff could perform at least light work. The Commissioner insists that these physicians' opinions were consistent with the ALJ's decision, whereas the opinions of Drs. Coffey and Smith, which the Commissioner observes were prepared on the eve of plaintiff's hearing on October 28, 2003, were not supported by objective medical findings. (Tr. 24).

Second, plaintiff contends that the ALJ erred in failing to give a "rational basis for his evaluation of the plaintiff's symptoms including pain," arguing that the ALJ did not discuss the medical and laboratory findings and their effect on the plaintiff's ability to work, that he improperly discredited plaintiff's complaints of pain, and that he did not address any questions regarding pain to the vocational expert ("VE"). Plaintiff asserts that the VE opined that he could not work if due to pain he had to periodically lie down during the day or if he could not concentrate sufficiently to complete jobs in a timely fashion.

---

[1]In her brief, the Commissioner mistakenly refers to Dr. Parsons as a treating and as an examining source. However, Dr. Keown, not Dr. Parsons, performed a consultative examination. (Tr. 213-15).

4

However, the Commissioner contends that plaintiff did not have these limitations. She points out that the VE opined that, if plaintiff was limited to light work with no repetitive overhead reaching, which the ALJ ultimately found, he could perform over 15,000 jobs in Tennessee, which is substantial evidence in support of the ALJ's finding. (Tr. 27, 437-38). Therefore, the Commissioner insists that the ALJ found plaintiff's allegations of disabling pain credible only to the extent that he was limited to light work with no repetitive overhead reaching. (Tr. 26, Finding Number 6).

I find the Commissioner's arguments persuasive in this matter. As she points out, treating physicians Drs. O'Brien and Parsons, consultative physician Dr. Keown, and two state agency, reviewing physicians, determined that plaintiff could perform at least light work. (Tr. 182, 215, 221, 247, 257) Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (a written report of a consultant physician who has examined the claimant can constitute substantial evidence.); 20 C.F.R. § 404.1527(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation."). Moreover, I agree with the ALJ that the more restrictive opinions of Drs. Coffey and Smith were not supported by the objective medical evidence. (Tr. 24) Cutlip v. Secretary of Health and Human Services, 25 F.3d 284, 287 (6th Cir. 1994) (controlling weight may not be given to a treating source's medical opinion unless the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is "not inconsistent" with the other substantial evidence of record).

5

20 C.F.R. § 404.1527(d)(2) (Although a treating physician's opinion is generally afforded substantial weight, it may be discounted if good cause is shown.). Therefore, I find that the ALJ resolved the conflicts in the medical evidence by discounting the opinions of Drs. Coffey and Smith. Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (within the province of the ALJ to resolve conflicts in the evidence and decide questions of credibility).

Similarly, I agree with the Commissioner that the ALJ properly considered all of plaintiff's credible limitations, (Tr. 438-39) Stanley v. Secretary of Health and Human Services, 39 F.3d 115, 118 (6th Cir. 1994) (ALJ not required to include limitations unsupported by the record), and reasonably found plaintiff's allegations of disabling pain credible only to the extent that he was limited to light work with no repetitive overhead reaching, (Tr. 27, 436) Villarreal v. Secretary of Health and Human Services, 818 F.2d 461, 464 (6th Cir. 1987) (determination of disability from pain is within the province of the ALJ). Furthermore, as the Commissioner points out, the VE testified that the plaintiff could perform over 15,000 jobs in Tennessee, which is substantial evidence in support of the ALJ's finding. (437-38) 20 C.F.R. § 404.1520(a)(4)(v) (a claimant who can perform a significant number of jobs is not disabled.). Accordingly, I am of the opinion that the ALJ properly considered all of plaintiff's <u>credible</u> limitations and properly relied on VE testimony in response to a hypothetical question that accurately reflected those limitations. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987).

In light of the foregoing, it is hereby **RECOMMENDED**[2] that the plaintiff's motion for judgment on the pleadings [Doc. 12] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 13] be **GRANTED**.

Respectfully submitted,

    s/H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).